**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tomas MARES–CALDERON,**
**Defendant–Appellant.**

No. 05–41381.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 13, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

R. 47.5.4.

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Sarah Beth Landau, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, DAVIS and OWEN, Circuit Judges.

PER CURIAM: *

Tomas Mares–Calderon (Mares) pleaded guilty to count 1 of an indictment charging him with entering the United States illegally following deportation. Mares was sentenced to a 21–month term of imprisonment and to a two-year period of supervised release. Mares gave timely notice of his appeal.

Mares challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Mares's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Mares contends that a majority of the Supreme Court would now consider *Almendarez–Torres* to be incorrectly decided in light of *Apprendi*, "[t]his court has repeatedly rejected arguments like the one made by [Mares] and has held that *Almendarez–Torres* remains binding despite *Apprendi*." *United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Mares concedes as much, but he raises the argument to preserve it for further review.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.